MUNICIPAL LEASING CORPORATION, Plaintiff–Appellant,

v.

FULTON COUNTY, GEORGIA, et al., Defendants–Appellees.

No. 86–8832.

United States Court of Appeals, Eleventh Circuit.

July 12, 1988.

Charles W. Surasky, Smith, Currie & Hancock, Stephen Gregory Joy, Atlanta, Ga., for plaintiff-appellant.

Alfred J. Turk, III, Asst. Fulton Co. Atty., Atlanta, Ga., for defendants-appellees.

William A. Clineburg, Jr., King & Spalding, David F. Guldenschuh, Atlanta, Ga., amicus curiae Intern. Business Machines Corp.

Before JOHNSON and CLARK, Circuit Judges, and EATON *, Senior District Judge.

JOHNSON, Circuit Judge:

This panel considered an appeal from the dismissal of Municipal Leasing Corporation's challenge to Fulton County's search for a central processing unit and subsequent selection of IBM's bid. *Municipal Leasing Corp. v. Fulton County, Georgia,* 835 F.2d 786 (11th Cir.1988). We returned the case to the district court with the following directions for a limited remand:

> The undisputed facts and the district court's findings show legitimate factors underlying Fulton County's choice of computer. However, the only remaining area of ambiguity may render the district

* Honorable Joe Eaton, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

court's decision improper if resolved with a finding that there were pre-bid improprieties.... We AFFIRM this case as specified in this opinion, except on the question of pre-bid improprieties we return this case on a LIMITED REMAND for supplemental findings and conclusions.

835 F.2d at 791.

In the final order that first led to this appeal, the district court was silent with regard to pre-bid conduct, and therefore we required "explicit verification by the district court that the pre-bid interaction was acceptable and that the competitive bidding process was not rendered a sham by unacceptable arrangements between Fulton County and IBM." Following a responsive order from the district court dated April 4, 1988, we retain jurisdiction to decide this case.

In this latest order, the district court: 1) found that the pre-bid study and recommendation by IBM were "simply part of an aggressive marketing plan;" 2) found that the pre-bid letter drafted by IBM reviewing the bids in favor of IBM was a "legitimate, nonbinding market practice;" 3) found that Fulton County's reliance on IBM to evaluate the differences between the 3083E upgraded computer and 3083EX modernized computer was "eminently logical"; 4) found that Fulton County seriously considered used equipment but concluded that new was better; and 5) repeated the prior finding that lies from Fulton County to Municipal Leasing, while inexplicable, did not "support the existence of pre-bid impropriety." In conclusion, the district court held that "[t]here is no evidence that the County did not evaluate all bids fairly or that the County's decision was based upon anything other than a sincere desire to obtain the best product for the County after a fair evaluation of all the bids."

We do not find that any of the district court's most recent findings are clearly erroneous. Given the panel's prior holding that the Georgia Purchasing Act allows counties some discretion to determine the relevant factors with which to evaluate bids, the district court's findings fit square-

ly into the panel's legal position that, unless there were pre-bid improprieties, the district court's approval of the award to IBM is due to be affirmed. We therefore AFFIRM the district court's judgment to dismiss the case.